SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Paul.Maloney@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00085-SI** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **LUIS GARCIA ZURITA,** | |
| **Defendant.** | |

Defendant is before the Court for sentencing for his role within an interstate drug trafficking organization responsible for transporting enormous quantities of narcotics – including more than 400 grams of dangerous fentanyl – into Oregon. Pursuant to a plea agreement, he pled guilty to Count One of the indictment. The parties have agreed to jointly recommend a sentence of 120 months' imprisonment. The government recommends this be followed by five years' supervised release. The government recommends this sentence because it is consistent with the advisory sentencing guidelines, proportional to defendant's conduct, accounts for defendant's

**Government's Sentencing Memorandum** **Page 1**

history and circumstances, and avoids unwarranted sentencing disparities. The recommended

sentence therefore achieves the goals of sentencing.

## I.    SENTENCING CALCULATIONS

### A.    Plea Agreement and PSR Guideline Calculation

The government's guideline calculation is consistent with the Presentence Report (PSR).

| Provision | Description | Offense Level Calculation |
|---|---|---|
| USSG § 2D1.1(c)(4) | 3,000-10,000 kilograms of converted drug weight (CDW) | **BOL=32** |
| | **Adjusted Offense Level** | **32** |
| USSG § 3E1.1(a) | Acceptance of responsibility | -3 |
| USSG § 4C1.1 | Zero Point Offender | -2 |
| | **Total Offense Level** | **27** |

The government has agreed to recommend several reductions: including a three-level

acceptance of responsibility reduction, and a two-level reduction for zero-point offender. After all

these reductions, and pursuant to the plea agreement, the government calculates a total offense

level of 27. The PSR correctly calculates defendant's criminal history category I (zero points).

The resultant advisory guideline range is 70-87 months' imprisonment.

The PSR calculated a higher guideline (BOL: 34) based upon the combined net weight of

the fentanyl and cocaine (11,265.5 kilograms of CDW) seized from defendant's truck. The parties

plea agreement contemplates a lower base offense level (32). Since defendant is not subject to the

safety valve or other relief from the mandatory 10-year prison sentence required by 21 U.S.C. §

841(a)(1), (b)(1)(A)(vi), the advisory guideline range does not impact the parties joint 120-month

recommended sentence.

//

//

**Government's Sentencing Memorandum**                                                    **Page 2**

C.      **The Jointly Recommended Sentence**

Pursuant to the plea agreement, the government recommends the mandatory minimum sentence of 120 months' imprisonment to be followed by five years' supervised release. This sentence is sufficient, but not more than necessary, to achieve the goals of sentencing.

II.      **ARGUMENT**

A.      **Factual Summary**

The PSR writer accurately summarized the relevant facts of the government's investigation. PSR ¶¶ 18-24. In summary, defendant acted as an interstate drug transporter and local drug distributor for a Portland area drug trafficking organization. In June 2024, federal and local narcotics investigators received information regarding a phone number for a Portland area cocaine distributor. Investigators confirmed the information using an informant to pose as a drug customer to arrange the controlled purchase of cocaine. Defendant delivered the drugs to the informant driving a Dodge Ram pickup truck that was registered to him.

Following the controlled purchase operation, the investigators began monitoring the defendant's Ram pickup pursuant to a federal tracking warrant. In August 2024, geolocation data indicated the truck traveled to Los Angeles, California where it stayed for a matter of hours before returning north towards Oregon. Investigators recognized this travel pattern as consistent with a drug resupply run and deployed to stop the truck.

On August 16, 2024, investigators located the defendant driving the Ram truck northbound on I-5. The truck was traveling in tandem with a rented Audi SUV. Investigators recognized this two-car tandem technique as a tactic drug traffickers use where one car acts as a lookout for the other car that contains the drugs. Investigators stopped the Audi after the two vehicles pulled off the freeway near the Woodburn Outlet stores. A narcotics canine alerted to the

**Government's Sentencing Memorandum**                                                    **Page 3**

presence of drugs in the Audi, although no drugs were seized from the Audi. The two men from the Audi denied that they were traveling with anyone else. They both provided travel histories that were inconsistent with each other, and inconsistent with the investigators' observations. They both denied knowing defendant.

Meanwhile, defendant had parked nearby and went into a restaurant where investigators observed him staring intently at his cellphone and the police activity with the Audi. Defendant left the restaurant without ordering and stood behind the restaurant. Investigators arrested defendant and searched his person where they found $4,348 in U.S. currency and the keys to the Ram. Investigators seized the truck and applied for a warrant.

Investigators towed the Ram, and put it up on a vehicle lift to search it. The truck had been modified with an aftermarket compartment. Investigators found an access point inside the cab of the truck and were able to open the hidden compartment. Inside the truck, investigators found 4,345 grams of fentanyl pills and 2,015 grams of cocaine. The converted drug weight for these drugs is 11,265 kilograms of converted drug weight.  Below are images of the drugs in the hidden compartment and after they were seized.

 

### B.    120 Months' Imprisonment is Sufficient but Not More than Necessary

Defendant was not a leader/organizer within the larger drug conspiracy. He functioned as both an interstate courier and local distributor for the organization. Defendant is not eligible for the safety valve reduction because he declined to debrief with the government. Investigators were unable to definitively establish defendant's source of supply, his distribution methods, his co-conspirators or the full scope of the organization's distribution operation.

Defendant does not qualify for the new sentencing guidelines that went into effect on November 1, 2025, because he was more than just a courier. These amended guidelines provide dramatic reductions whose "primary function in the offense was plainly among the lowest level of drug trafficking functions, such as serving as a courier[.]"USSG § 2D1.1(e)(2)(B)(i). Defendant does not qualify for these reductions because he was not only a courier but also a distributor in his own right as demonstrated by the June 2024 distribution where defendant personally distributed drugs to an informant (PSR ¶ 19).

Pursuant to the plea agreement, the government recommends a three-level reduction for acceptance of accountability, and two-level reduction for zero-point offender. The PSR correctly calculates defendant's final offense level Defendant's offense level of 29. However, the parties agreement results in a final offense level of 27. The government stands by the plea agreement and jointly recommends the mandatory minimum sentence of 120 months to be followed by 5 years supervised release.  No further reductions are necessary to a just sentence in this case.

The plea agreement in this case, and the recommended sentence, accounts for the defendant's role as a participant in the scheme and balances that against the massive quantities of drugs he possessed with intent to distribute to others for profit. For these reasons, a sentence of

**Government's Sentencing Memorandum**                                                          **Page 5**

120 months' imprisonment and five years' supervised release is more than warranted for defendant's offense. This sentence is sufficient but not more than necessary to achieve the goals of sentencing.

## III.    CONCLUSION

Based on the forgoing, the government recommends that this Court impose a sentence of 120 months' imprisonment, order defendant to pay a $100 fee assessment, followed by a five-year term of supervised release, subject to the standard conditions and special conditions set forth in the PSR.

Dated: March 25, 2026                              Respectfully submitted,

                                                   SCOTT E. BRADFORD
                                                   United States Attorney

                                                   _____
                                                   PAUL T. MALONEY, OSB #013366
                                                   Assistant United States Attorney

**Government's Sentencing Memorandum**                                          **Page 6**